```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION
```

| | |
|---|---|
| SAMUEL OPARA,             ) | |
| )                          | |
| Petitioner,               ) | |
| )                          | |
| vs.                       ) | NO. 2:03-CV-9 |
| )                          | (2:98-CR-47) |
| UNITED STATES OF AMERICA, ) | |
| )                          | |
| Respondent.               ) | |

## OPINION AND ORDER

This matter is before the Court on the Notice of Appeal Pursuant to Rule of Appellate Procedure Rule 4(a)(2) and Civil 77(d), filed by Samuel Opara on July 22, 2005. Pursuant to Federal Rule of Appellate Procedure 22(b), this Court treats the instant notice of appeal as a petition for certificate of appealability. For the reasons set forth below, Petitioner's request for a certificate of appealability is **DENIED**.

BACKGROUND

Samuel Opara ("Opara" or "Petitioner") and his co-defendant, Francis Lawrence ("Lawrence") were indicted on April 15, 1998. By way of a superseding indictment, they were later charged with: conspiracy to possess with the intent to distribute 50 grams or more of crack cocaine base, in violation of 21 U.S.C. section 846 (Count 1); four

counts of distributing more than five grams of cocaine base, in violation of 21 U.S.C. section 841(a) (Counts 2-5); maintaining a crack house, in violation of 21 U.S.C. section 856 (Count 6); and forfeiture allegations.  Opara and Lawrence were convicted on all counts on September 2, 1998.  Petitioner was subsequently sentenced to a 360-month term of incarceration, followed by five years of supervised release.

Petitioner filed a direct appeal with the Seventh Circuit, and the Government conceded the evidence was insufficient to support Opara's conviction on Count VI.  As a result, Opara's conviction under Count VI was set aside.  In all other respects, his conviction was upheld.

On January 6, 2003, Petitioner initiated an action seeking to vacate his conviction and sentence under 28 U.S.C. section 2255.  On November 18, 2003, Petitioner filed a motion to correct clerical mistakes pursuant to federal rule of judicial [sic] procedure 60(a), which this Court construed together with his petition pursuant to section 2255.  In these motions, Petitioner alleged numerous claims of ineffective assistance of counsel.  On January 10, 2005, the Court denied Petitioner's section 2255 motion, finding that the Petitioner had failed to demonstrate ineffective assistance of counsel on any of his claims.

Following this Court's denial of Petitioner's section 2255 motion, Petitioner did not file a notice of appeal within the time

prescribed.  Rather, on January 31, 2005, Petitioner filed a motion to declare 28 U.S.C. § 2255 judgement [sic] as premature, null and void, and a motion for directing the district court to follow the mandate-opinion of court of appeals setting aside the conviction and sentence for Count VI of the indictment and schedule a re-sentencing hearing in light of *Booker/Fanfan* rule.  Petitioner also filed a second motion directing the district court to follow the mandate-opinion of court of appeals setting aside the conviction and sentence for [Count] VI of the indictment and schedule a re-sentencing hearing in light of *Booker/Fanfan* rule on May 5, 2005; and a motion for directing the district court to follow the mandate-opinion of court of appeals setting aside the conviction and sentence for Count VI of the indictment and schedule a re-sentencing hearing in light of *Booker/Fanfan* rule, on May 31, 2005.  In an order dated July 8, 2005, this Court ordered the Clerk to set aside Petitioner's conviction on Count VI, and ordered that his special assessment be reduced by $100, but in all other respects the Petitioner's requests contained in the above motions were denied.

In the instant notice of appeal, Petitioner does not indicate an intent to appeal this Court's denial of his section 2255 petition.  Rather, he seeks to appeal this Court's July 8, 2005, order.  Federal Rule of Appellate Procedure 22(b) provides that such a notice shall be treated as a request for a certificate of appealability under 28 U.S.C. section 2253.

DISCUSSION

Federal Rule of Appellate Procedure 22(b) provides that in 2255 proceedings, a petitioner cannot appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. section 2253(c), the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Rule 22(b) further provides that "If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue." But, 28 U.S.C. section 2253 provides that certificates of appealability are required only for "the final order in a proceeding under section 2255." In this case, Petitioner is not appealing this Court's final order denying his section 2255 petition. That order was issued on January 10, 2005, and no notice of appeal was filed with regards to that order. As such, although Rule 22 requires that this instant motion be construed as a request for a certificate of appealability, 28 U.S.C. section 2253 does not require a certificate of appealability under the circumstances of the instant appeal.

Even if the notice of appeal were construed as an attempt to appeal this Court's January 10, 2005, order denying his section 2255 petition, a certificate of appealability would be denied. The notice was filed too late to constitute a valid appeal of the denial of his section 2255 petition. Federal Rule of Appellate Procedure 4(a)(1)(B)

permits the notice to be filed within 60 days after the order appealed from is entered.  The instant notice of appeal was not filed for more than six months after the entry of final judgement.

And, even if it were timely, a certificate may only be issued if Petitioner "has made a substantial showing of the denial of a constitutional right."  See 28 U.S.C. § 2253(c)(2).  To satisfy this standard, Petitioner must demonstrate that the issue he wishes to appeal is "debatable among jurists of reason," or that a court could "resolve the issues" differently, or that the questions presented in his request are "adequate to deserve encouragement to proceed further."  *Porter v. Gramley*, 112 F.3d 1308, 1312 (7th Cir. 1997)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)); *Herrera v. United States*, 96 F.3d 1010, 1012 (7th Cir. 1996).

This Court has reviewed its December 28, 2005, order denying his section 2255 motion, and has considered whether a certificate of appealability could properly issue on any of the claims raised by Petitioner in his section 2255 motion.  Petitioner's section 2255 petition alleged numerous claims of ineffective assistance of counsel. To show ineffective assistance of counsel, Petitioner must show that his attorney's representation was deficient, and that the deficiency prejudiced the Petitioner.  *Strickland v. Washington*, 466 U.S. 668 (1984)*; See also Wiggins v. Smith*, 539 U.S. 510 (2003).  The Petitioner's allegations of ineffective assistance include criticism of counsel for his strategic decisions, allegations that are not based

on the facts in the record, requests that counsel demand things that are not required by the law, and requests that his counsel make meritless legal arguments on his behalf.  Such claims do not establish deficient representation.  Furthermore, none of Petitioner's claims that his trial counsel was ineffective could survive the prejudice prong of the *Strickland* analysis, as the trial included overwhelming evidence of petitioner's guilt, including four videotaped drug buys, confidential informant testimony, and surveillance evidence.

Petitioner's only claim that his appellate counsel was ineffective was found to be wholly without merit.  Petitioner claims that the appellate counsel should not have permitted the Government to wait to dismiss the original indictment until after Petitioner's convictions under the superseding indictment.  There was nothing at all improper about this procedure, and Petitioner was not prejudiced by it.

The Court's review of its January 10, 2005, order reveals that Petitioner is not entitled to a certificate of appealability on any issue because no jurist of reason would find it debatable whether the Court was correct in its ruling.  As such, Petitioner is not entitled to a certificate of appealability on any of the issues in his section 2255 motion.

## CONCLUSION

For the reasons set forth above, Petitioner's Notice of Appeal

Pursuant to Rule of Appellate Procedure Rule 4(a)(2) and Civil 77(d), construed as a request for a certificate of appealability, is **DENIED**.

**DATED:  April 26, 2006**              **/s/RUDY LOZANO, Judge**
                                        **United States District Court**